UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ACTING THROUGH THE UNITED STATES DEPARTMENT OF AGRICULTURE (Farm Service Agency)<br><br>Plaintiff<br><br>v.<br><br>NORBERTO MONTILLA, SARA NEGRONI, and their Conjugal Partnership; HERNAN MONTILLA NEGRONI, SARA BAEZ DONART, and their Conjugal Partnership<br><br>Defendants | CIVIL NO.<br><br>Foreclosure of Mortgage In Rem |

**COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW the United States of America, acting through the United States Department of Agriculture-Farm Service Agency (USDA-FSA), through the undersigned attorney, who respectfully alleges and prays as follows:

1. Jurisdiction of this action is conferred on this Court by 28 U.S.C. Section 1345.

2. Plaintiff, through the Farm Service Agency, an agency of the United States of America organized and existing under the provisions of the Consolidated Farm and Farm Service Agency Act, 7 U.S.C. §1921 et seq., is the owner and holder of one

(1) promissory note that affects the property described further below.

3. Said promissory note is for the amount of **$130,000.00**, with annual interest of 9.5%, signed on June 12, 1979. *See Exhibit 1.*

4. For the purpose of securing the payment of said promissory note, a voluntary mortgage was executed on the same date, in favor of the plaintiff, under the terms and conditions stipulated and agreed therein, through deed No. 60. *See Exhibit 2.*

5. According to the Property Registry, defendants NORBERTO MONTILLA and SARA NEGRONI appear as owners of record of the real estate property subject of this case. Said property is described -as it was recorded in Spanish- as follows:

> URBANA: Solar radicado en el Cerro "El Vigía" del término municipal de Ponce, compuesta de dos mil ciento veintiocho metros cuadrados con seis mil ciento noventa y siete diez milésimas de otro, en lindes por el NORTE, treinta y siete metros con la Carretera "El Vigi"; por el SUR, en cuarenta metros con la explanación de una calle trazada; por el ESTE, en sesenta y ocho metros cincuenta centímetros con la Sucesión Valdivieso y César A. Irizarry; y por el OESTE, en cuarenta y seis metros ochenta y un centímetros con el solar "E" propiedad de don Norberto Montilla.
>
> PROPERTY NO. 1,155 (before 18,404), recorded at page 105 of volume 636, Property Registry of Ponce, Section II.
>
> *See Title Search attached as Exhibit 3.*

6. On year 1983, codefendant HERNAN MONTILLA NEGRONI obtained a discharge from the Bankruptcy Court of the debt mentioned in this complaint. Therefore, the present cause of action is filed *In Rem*.

7. It was expressly stipulated in the notes evidencing the indebtedness that default in the payment of any part of the covenant or agreement therein contained will authorize the plaintiff, as payee of said notes, to declare due and payable the total amount of the indebtedness evidenced by said notes and proceed with the execution and/or foreclosure of the mortgages.

8. Therefore, the agreements are due in full, with the following amounts outstanding. Although the debtor was legally discharged of the personal payment obligation by a Bankruptcy Court, the *in rem* action remains:

    a) On the $130,000.00 Note:

       1) The outstanding sum of $66,376.28, of principal;
       2) The outstanding sum of $269,857.07, of interest accrued as of February 20, 2025, and thereafter until its full and total payment, which interest amount increases at the daily rate of $17.2851;
       3) Plus, insurance premium, taxes, advances, late charges, costs, court costs expenses,

    disbursements and attorney's fees guaranteed under the mortgage obligation. *See Exhibit 4*.

9. The unpaid amounts evidenced by the aforementioned notes are secured by the mortgage(s) over the property described in this complaint.

10. Codefendants HERNAN MONTILLA NEGRONI and SARA BAEZ DONART are not presently active in the military service for the United States. Plaintiff is unable to provide a "Status Report pursuant to Servicemembers Civil Relief Act" for the remainig codefendants since we do not know their social security numbers. *See Exhibit 5*.

## VERIFICATION

I, Edgar Maldonado, of legal age, in my capacity as officer of the USDA Farm Service Agency, San Juan, Puerto Rico, under the penalty of perjury, as permitted by Section 1746 of Title 28, United States Code, declare and certify:

1) My name and personal circumstances are stated above;

2) I subscribed this complaint as the legal and authorized representative of the plaintiff;

3) Plaintiff has a legitimate cause of action against the defendants above named which warrants the granting of relief requested in said complaint;

4) Defendants are a necessary and legitimate party to this action in view of the fact that they originated or assumed the

4

mortgage obligation subject of this foreclosure, or bought the property subject to said mortgage;

5) From the information available to me and based upon the documents in the Farm Service Agency, it appears that defendants have not been declared incompetent by a court of justice with authority to make such a declaration;

6) I have carefully read the allegations contained in this complaint and they are true and correct to the best of my knowledge and to the documents contained in the files of the USDA-Farm Service Agency;

7) I have carefully examined the Exhibits included to this complaint which are true and correct copies of the originals. The mortgage deeds have been duly recorded in the Property Registry.

I make the foregoing declaration under penalty of perjury, as permitted under Section 1746 of Title 28, United States Code.

In San Juan, Puerto Rico, this 25 day of February 2025.

EDGAR MALDONADO

PRAYER

WHEREFORE, plaintiff demands judgment as follows:

a) That defendants breached the contractual obligations claimed in this complaint;

b) All legal rights, titles and interests which the defendants may have in the property(ies) described in

  this complaint and any building or improvement thereon, be sold at public auction, as part of the judicial foreclosure of the mortgage lien(s) securing each loan obligation;

  c) If the proceeds of said sale exceeds the sum of money to be paid to the United States as aforesaid, any such excess be deposited with the Clerk of this Court, subject to further orders from the Court;

  d) Once the property is auctioned and sold, it is requested to the Clerk of this Court to issue a writ addressed to the Registry of the Property, ordering the cancellation of the foreclosed mortgage(s) and of any other junior liens recorded therein;

  e) For such further relief as in accordance with law and equity may be proper.

In San Juan, Puerto Rico, this 25 day of February 2025.

/s/ Juan Carlos Fortuño Fas
JUAN CARLOS FORTUÑO FAS
USDCPR 211913

FORTUÑO & FORTUÑO FAS, C.S.P.
P.O. BOX 9300
SAN JUAN, PR 00908
TEL. 787-751-5290
FAX. 787-751-6155
Email: dcfilings@fortuno-law.com

F:\1521\1521.173 Hernan Montilla Negroni\Complaint (Bankruptcy).docx